[S. F. No. 632. Department Two.—December 14, 1897.]

## PHILIP ROHRBACHER, Respondent, v. F. C. KLEEBAUER, Appellant.

ACTION UPON NOTE—INSUFFICIENT DEFENSE—CONSIDERATION—FRAUD IN SALE OF STOCK OF CORPORATION—TRANSFER OF CORPORATE ASSETS—RESCISSION —INCOMPLETE RESTITUTION.—In an action upon a promissory note, in which the answer pleaded a want of consideration and a total failure of consideration, and alleged that the note was given for the purchase price of shares of stock in a Colorado corporation, of which plaintiff was president and managing agent, and that defendant was induced to purchase the stock by fraudulent representations of the defendant upon which he relied, and that the assets of the corporation were transferred to a new corporation which assumed its liabilities, and that defendant was induced to surrender the original stock purchased and accept the same number of shares in the new corporation in lieu thereof, and that the con-

tract of purchase was rescinded, and said shares of stock tendered back to plaintiff, on account of said fraud; but the evidence disclosed that part of the assets of the original corporation were transferred to a dredging company not referred to in the answer, and that the defendant received stock in both corporations, in lieu of the stock purchased, and had sold all of his stock in the dredging company, the defendant could not defeat the action upon the note and retain any part of the consideration, but the tender of all the stock received in both corporations was essential to a rescission or right of rescission of the contract of purchase, and judgment was properly rendered in favor of plaintiff for the amount of the note.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   Charles W. Slack, Judge.

The facts are stated in the opinion.

J. J. Stephens, and Reddy, Campbell & Metson, for Appellant.

W. S. Goodfellow, and R. H. Countryman, for Respondent.

HAYNES, C.—This action is prosecuted to recover from the defendant five thousand five hundred dollars and interest, upon a promissory note made by defendant to plaintiff on December 27, 1890, due six months after date.

The answer contains several defenses, alleging separately that there was no consideration for the note, that the consideration had wholly failed, and also alleged that said note was given for the purchase price of two thousand shares of the stock of the River, Harbor, and Canal Dredging and Land Company, a corporation organized under the laws of the state of Colorado, of which the plaintiff was president and managing agent, and that he was induced to purchase said stock by and through the fraudulent misrepresentations of the plaintiff upon which he relied; the particulars of which need not be stated, as no question is made upon its sufficiency.   It is sufficient to say that the alleged false representations were as to the value of a large tract of salt marsh land owned by the corporation, its sound financial condition, and the value of its stock.

These issues were tried before a jury.   The plaintiff put in evidence said note and rested; and at the conclusion of defendant's evidence, upon request of plaintiff, the court instructed the

jury to return a verdict for the plaintiff for the amount of the note and interest, as prayed for, and defendant excepted. This appeal is from the judgment entered thereon and from an order denying a new trial. Whether the court erred in so instructing the jury is the only question noticed in the briefs.

Much of the defendant's evidence related to the indebtedness of the corporation and the value of its land. That evidence need not be repeated, however, as we shall assume, for the purposes of this opinion, that the allegations of the answer in that respect are true. Nor need we consider whether defendant relied, or was entitled to rely, upon plaintiff's representations as to the value of the stock, or the financial condition of the River, Harbor, and Canal Dredging and Land Company, nor how far those statements were of material facts or the mere expression of opinion, since the defense is based upon an alleged rescission of the contract of purchase, the right to rescind resting upon the alleged fraudulent misrepresentations.

It is alleged in the answer that the Dumbarton Land and Improvement Company was incorporated December 22, 1891, and that the assets of the Colorado corporation were transferred to it, and that it assumed the liabilities of the prior corporation, and that defendant was induced to surrender the stock he purchased from the plaintiff in December, 1890, and accept therefor two thousand shares in the new corporation. But the evidence discloses that the Colorado corporation, in addition to the land mentioned, also owned certain Boschke patents for dredgers; that at the same time that the Dumbarton Land and Improvement Company was formed another corporation known as the Western Dredging Company was also formed, to which said Boschke patents were transferred by the Colorado corporation, and when defendant surrendered his stock in the Colorado corporation he received not only the same number of shares in the Dumbarton Land and Improvement Company, but also two thousand shares in the dredging company; and the Colorado corporation was thereupon disincorporated. These shares in the new corporations were delivered to defendant January 19, 1892, and at that date defendant paid on account of interest on his note three hundred and thirty dollars. About six months after the new stock was delivered an assessment was levied by the

Dumbarton Land and Improvement Company, and defendant saw the plaintiff about it and complained that that was not as he "stated the stock in the first place," and was told by plaintiff that he had to have money to pay the interest on the mortgage; that defendant then offered him back the stock; plaintiff would not take it, saying that "he didn't want the stock, he wanted money." Defendant, however, paid that assessment, amounting to five hundred dollars. About six months later there was another assessment levied by the Dumbarton company, and defendant again offered plaintiff the stock, but it was not accepted. Defendant then tried to sell the stock both in this city and San Jose, but without success. He did not pay the second assessment, and the Dumbarton stock was sold for that assessment. He admitted that upon the surrender of his stock in the Colorado corporation he received in exchange two thousand shares in the Dumbarton Land and Improvement Company and two thousand shares in the Western Dredging Company, though he afterward denied that he got four thousand shares, and said he understood it was one company; but it was stipulated that two thousand shares in each corporation was delivered to defendant, and prior to the above denial defendant was asked: "Q. Have you the shares of stock in the Western Dredging Company? A. No. Q. What have you done with them? A. I sold them."

Mr. Stephens, called for defendant, testified that on behalf of defendant he offered to return the Dumbarton Land and Improvement Company stock upon the cancellation of defendant's note, but did not offer to return the stock of the dredging company; that, like defendant, he thought there was but one corporation.

It is clear that the stock in the dredging company was never tendered or offered to plaintiff, nor was it in any manner accounted for except by defendant's statement that he sold it, nor was it shown to have been worthless.

Waiving the question whether the payment of the first assessment, after learning of the debts and mortgage, was a ratification of the original purchase, with knowledge of the facts, it is clear that the tender of all the stock was essential to a rescission or right of rescission of the contract of purchase.

In order to rescind "he must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that the party shall do likewise, unless the latter is unable or positively refuses to do so." (Civ. Code, sec. 1691, subd. 2.) The refusal of the plaintiff to rescind was based upon the offer of the defendant to restore part of the stock; but, if it were otherwise, it was essential to the right of defendant to obtain a judgment of rescission, that he should produce in court, for the benefit of the plaintiff, the stock of the dredging company. He could not defeat the action of the plaintiff and retain any part of the consideration of the note. (*Maddock v. Russell,* 109 Cal. 426, and cases there cited.)

The judgment and order appealed from should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.