[Crim. No. 10.   Third Appellate District.—November 20, 1905.]

THE PEOPLE, Respondent, v. JOHN SOLANI, Appellant.

CRIMINAL LAW — MURDER — SELF-DEFENSE — INTENTION TO KILL — ERRONEOUS INSTRUCTION.—Where a defendant charged with murder, and convicted of manslaughter, claimed that the shot which killed the deceased was fired in self-defense, and the court correctly instructed the jury upon the subject of proof of an intention to kill, and that if defendant shot and killed the deceased, the law presumes that he intended to kill him, it was prejudicially erroneous further to instruct them that "unless it is shown by the evidence that his intention was otherwise than his acts indicated, *the law will not hold him guiltless.*"   One might intend to kill, and yet be entirely guiltless.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, and James P. Berry, for Appellant.

U. S. Webb, Attorney General, C. N. Post, Assistant Attorney General, and C. H. Pond, District Attorney, for Respondent.

2 Cal. App.—15

BUCKLES, J.—The defendant was charged with the murder of one John Guidotti, and was convicted of manslaughter. He appeals from the judgment and from an order denying a motion for a new trial.

The appellant bases his contention for a reversal upon the grounds: 1. Insufficiency of the evidence to justify the verdict; 2. Misconduct of the jury; and 3. Errors committed by the court in its instructions to the jury.

As a new trial must be granted on the last assignment of error, it is not necessary to notice the others.

The instruction complained of is as follows: "Intent or intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused. The intent must be proved; but when an unlawful act is proved, the law presumes it to have been intended, unless otherwise shown by the evidence. It is never required by the prosecution to prove an unlawful intent by positive and direct evidence. In many cases such proof could not be made; and it is deemed sufficient to prove the unlawful act and from such proof the law presumes the unlawful intent. And if the defendant in this case shot John Guidotti, and killed him, the law presumes the defendant intended to kill the deceased; and unless it is shown by the evidence that his intention was other than his acts indicated, the law will not hold him guiltless."

The defendant testified that he fired the shot because he thought his life was in danger, and that he was down and two men were over him striking at him, but he did not know which one he shot.

The vice of this instruction is found in the last paragraph: "And unless it is shown by the evidence that his intention was other than his acts indicated, *the law will not hold him guiltless.*"

This same language was used in the instruction given in *People* v. *Newcomer*, 119 Cal. 263, [50 Pac. 405], which was a case in which the defense of self-defense was involved and the supreme court held the words to be error, and directed a new trial.

The shooting with a pistol would naturally indicate intent to kill, and would be sufficient proof of such intent if there was no other proof tending to show that he did not intend

to kill. One might intend to kill, however, and yet be entirely guiltless.

The attorney general maintains that all the instructions must be viewed together, and this is correct. (*People* v. *Armstrong,* 114 Cal. 570, [46 Pac. 611].)

The court had told the jury that intent is manifested by the circumstances connected with the offense. That this intent must be proved; but when an unlawful act is proved, the law presumes it to have been intended, unless otherwise shown by the evidence, and that it is never required by the prosecution to prove an unlawful intent by positive and direct evidence; following this up by telling the jury that if defendant shot and killed the deceased, the law presumes he intended to kill him, "and unless it is shown by the evidence that his intention was other than his acts indicated, the law will not hold him guiltless."

Taking the whole instruction together, it is difficult to see how it can be said to be free from error. The inference is too readily drawn by the jury from the words "the law will not hold him guiltless," that the killing being shown and the intent to kill being presumed, the mere killing would make the one killing guilty of some crime.

With these considerations we think that the error was prejudicial.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

McLaughlin, J., and Chipman, P. J., concurred.