[Civ. No. 2315. First Appellate District.—February 23, 1918.]

## GEORGE A. GREENE, Respondent, v. LOCKE–PADDON COMPANY et al., Appellants.

RESCISSION—PROMPTNESS UPON DISCOVERY OF FACTS.—One having a right to rescind a contract must make the offer promptly upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence or disability, and is aware of his right to rescind.

ID.—NOTICE EQUIVALENT TO KNOWLEDGE.—Notice of facts and circumstances which would put an ordinarily prudent and intelligent man on inquiry is, in the eye of the law, equivalent to knowledge of all of the facts which a reasonably diligent inquiry would disclose.

ID.—VENDOR AND VENDEE—LOSS OF RIGHT OF RESCISSION—LACHES.— The right to rescind a contract of purchase of real property on the ground of fraudulent representations was barred by laches, where the land was at all times open and accessible to inspection, and although often warned, concerning the nature of the soil, the purchaser took no steps to assert his rights, but, on the contrary, farmed and rented and tried to sell the land, and during a period of about two years continued to make the periodical payments provided for in the contract of purchase.

APPEAL from a judgment of the Superior Court of Alameda County. N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

Norman A. Eisner, for Appellants.

J. C. Murray, and H. H. McPike, for Respondent.

KERRIGAN, J.—This is an appeal by defendants in an action brought by the plaintiff to rescind a contract of purchase of real property on the ground of fraudulent misrepresentations.

At and prior to the month of January, 1913, the Locke-Paddon Company was a corporation engaged in the real estate business in Alameda, Solano, and other counties. During that month, according to the findings of the trial court, the Locke-Paddon Company, through one of its agents, fraudulently induced the plaintiff to purchase the land described in the complaint. This finding being conclusive here, we are

at once led to a consideration of the main point in the case, namely, whether the plaintiff's right of action was barred by laches.

As before stated, plaintiff and the Locke-Paddon Company entered into a contract for the sale and purchase of certain land in the month of January, 1913. Notice of rescission of this contract was given by the plaintiff in September, 1914, one year and eight months after the execution of the contract, during which time the plaintiff was in possession of the land. A consideration of the evidence in this case constrains us to hold that the plaintiff's right of rescission was barred by his laches.

According to his own testimony, within two months after the purchase his brother, who investigated the land for him at his request, reported that he had purchased "a gravel-pit." About the time of this report by his brother the plaintiff learned from a man with whom he had agreed to farm the land in question on shares (it having been purchased as agricultural land of good quality) that it was too hard to cultivate, and that he had "plowed around it once and had to give it up." Although plaintiff was an experienced farmer and familiar with the occurrence of hard pan in soil, still he made no inquiries concerning the reason of the failure of his associate to proceed with the cultivation of the land, concluding, he stated, that following a dry winter the land was too hard to plow. The next rainy season having arrived, the plaintiff succeeded in effecting an arrangement to have the land farmed on shares, but the result was unsatisfactory, the crop taken off of the thirteen acres being but one ton of hay and sixteen sacks of barley. In June of 1914 the plaintiff for the first time personally examined the land, although he lived within less than half a day's journey of it by railroad, which he could have taken at an expense of three dollars. In the following month the plaintiff wrote to Locke-Paddon Company, asking that company to sell the land for him for one thousand dollars, and saying that he was not in a position to live on the land and work it himself, and that he was therefore willing to incur the loss which he would sustain by selling it at that price, provided a quick sale could be made. No sale of the land having been effected under this invitation, he caused a further examination of it to be made; and then learning, as he stated, that the land was worth but $50, and

not $170, per acre, as claimed by the vendor at the time of the sale, and that it was not fit for the purposes represented, he attempted to rescind the contract.

One having a right to rescind a contract must make the offer promptly upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence or disability, and is aware of his right to rescind (Civ. Code, sec. 1691). And notice of facts and circumstances which would put an ordinarily prudent and intelligent man on inquiry is, in the eye of the law, equivalent to knowledge of all of the facts which a reasonably diligent inquiry would disclose. (*Garstang* v. *Skinner*, 165 Cal. 721, [134 Pac. 329]; *Lady Washington C. Co.* v. *Wood*, 113 Cal. 482, [45 Pac. 809].)

As shown by our references to the evidence in the case the plaintiff was repeatedly put upon notice as to the inferior character of the land, yet for nearly two years made no attempt to rescind. The land was at all times open and accessible to inspection, and although often warned, as shown by his own testimony, concerning the nature of the soil, he took no steps to assert his rights, but, on the contrary, farmed and rented and tried to sell the land, and during a period of about two years continued to make the periodical payments provided for in his contract of purchase; and in July, a month after he personally inspected the land, it appears that he affirmed the contract by trying to sell the farm. Applying the rule of law as established by the code and the authorities on the subject of the right of rescission and the necessity for its prompt exercise, we think, upon a review of the evidence, that it results from it that the plaintiff had lost his right to rescind the contract by his delay in pursuing with reasonable diligence a proper inquiry into the character of the land bought by him, after having been, as we conceive he was, put upon inquiry, and by his delay in asserting his right after obtaining the knowledge which his tardy investigation led to.

The testimony of plaintiff as to what the soil expert told him concerning the character of the land was material, but hearsay, and clearly inadmissible.

The conclusion we have reached on the main point in the case renders unnecessary a discussion of other points made in the briefs, although, as the case must be reversed and re-

manded for a new trial, it may not be amiss to say that we do not quite understand, in view of the present condition òf the record, how the court was able to find in favor of the plaintiff as against the defendants W. L. Adamski and Mary Adamski, purchasers of the land from the Locke-Paddon Company after the contract with the plaintiff was made.

The judgment is reversed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on April 24, 1918.