[Civ. No. 4481. First Appellate District, Division One.—May 18, 1923.]

## MARGARET NORTON, Respondent, v. ELIAS V. ROSENKRANZ et al., Appellants.

[1] CONTRACTS—PURCHASE OF REAL PROPERTY — IMPROPER CONSTRUCTION OF BUILDING—RESCISSION—EVIDENCE—FINDING.—In this action to rescind an executory contract of sale of certain real property upon the ground of fraud, the evidence was amply sufficient to justify the finding of the trial court that the building erected by the vendor, who was a builder, was improperly constructed and did not conform to the terms of plaintiff's contract.

[2] ID.—RESCISSION — RESTORATION OF CONSIDERATION. — Any person demanding a rescission of a contract to which he is a party must restore or offer to restore to the other whatever he may have received under the contract in the way of money, property, or other consideration of benefit; and it is only by doing this that he can entitle himself to the return of what he, on his part, may have given or paid, and to be released from the contract.

[3] ID. — WHEN RESTORATION UNNECESSARY. — Where the party who seeks to rescind an executory contract has received nothing of value, there is nothing to restore, and in such a case the rule with reference to restoration or offering to restore the consideration received under the contract does not apply.

[4] ID.—RELINQUISHMENT OF EXECUTORY CONTRACT — PLEADING—EVIDENCE.—In an action by the vendee to rescind an executory con-

2. Necessity for placing *in statu quo* upon rescission of contract, note, 30 L. R. A. 66.

tract of sale of certain real property upon the ground of fraud, where the plaintiff was never in possession of the property and does not have title thereto, she is not required to plead or prove that she surrendered or offered to surrender her executory contract of sale or a quitclaim deed relinquishing her interest in the premises.

[5] ID.—RETENTION OF INTEREST IN PROPERTY.—Conceding that plaintiff's unrecorded executory contract of sale constituted a cloud upon the title to the property, and was therefore a thing of value within the meaning of section 1691 of the Civil Code, it was an interest which plaintiff had acquired, and one she was entitled to retain by reason of her payments, and until a determination of her rights was had she was not bound to relinquish this evidence of interest.

[6] ID. — WITHHOLDING OF FUTURE PAYMENTS. — Where, prior to the time the building was completed and tendered to plaintiff, she had concluded not to accept the building because it was improperly constructed and did not conform to the terms of her contract, she was entitled to withhold further payments.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. V. Rosenkranz for Appellants.

W. H. Thomas for Respondent.

TYLER, P. J.—Action to rescind an executory contract of sale of certain real property upon the ground of fraud.

The trial court found on all the material issues in favor of plaintiff, declared the agreement void, and rendered judgment in her favor in the sum of $1,748.78. Motion for a new trial was made and denied. This is an appeal from the judgment.

Defendant Firth having died during the pendency of the action, Elias V. Rosenkranz and Title Insurance and Trust Company have by stipulation been substituted as defendants in his place and stead.

The facts as recited in the amended complaint show, in substance, that plaintiff entered into an agreement with defendant Firth for the purchase of certain real property situated in Los Angeles County. The property consisted of two lots in a particular tract. The contract price of one

of the lots was $800 and that of the other $825. In the performance of her contract and up to a period of time hereinafter referred to plaintiff paid for one of the lots in full, and there was due and owing upon the other the sum of $471.25. On the thirty-first day of August, 1920, negotiations were had between the parties looking to the improvement of the lots. Defendant, who was a builder, represented to plaintiff that it would be a good investment for her to erect a bungalow upon the property, and he offered to cancel her contracts in relation to the same and to construct the bungalow on payment of the further sum of $6,791.28, the amount to be paid in certain installments commencing September 30, 1920, and during the progress of the work. Plaintiff consented to this arrangement, her contracts were canceled, and a new agreement was thereupon entered into between the parties, by the terms of which defendant agreed to erect a seven-room bungalow according to certain plans and specifications and in a first-class manner. This contract is silent as to the time when the bungalow was to be finished, plaintiff, however, alleging that by oral agreement completion was to be had by December of the same year. It is charged that while this period for construction was a reasonable time to insure the completion of the structure, defendant failed to complete the same until March of the following year, and that when so completed the building did not comply with the plans and specifications in many particulars, the alleged defects being set forth in detail in the complaint. It is further charged that the promises of defendant in relation to the manner in which the building was to be constructed were all and each of them false and made with the intent to deceive plaintiff into entering into the agreement whereby she transferred her interest in the real property above mentioned to defendant.

Then follow allegations of the giving notice of rescission and other matters, a recital of which is unnecessary for the purpose of the decision.

The prayer of the complaint asks that the contract be delivered up and canceled, and that plaintiff recover the sum of $2,500, the amount it is alleged she paid under the different contracts.

Defendant, answering, admitted that the structure as completed was not a first-class job; but by way of defense he alleged that this result was due to general conditions prevailing in the vicinity at the time of the performance of the contract which affected labor and materials, and that the structure as completed substantially complied with the terms of the contract. He further alleged that plaintiff was in default both before and at the time of her rescission, and was therefore in no position to claim the relief here sought. He also alleged as a further reason against the maintenance of the action that prior to her rescission plaintiff accepted the building and went into possession, and that she has never returned or offered to return such possession or any of the benefits received by her under the contract.

The case was tried without a jury. The court found in substance that the building was improperly constructed, and that plaintiff had rescinded the contract, which it found to be void and of no force or effect. It further found that plaintiff never went into possession of the premises, and that her allegation that she had received no benefits under the contract was true. As above recited, a money judgment was thereupon rendered in her favor in the sum of $1,748.78, the amount found to have been paid by her to the defendant under her agreement up to the time when she concluded that the building was not being properly erected and when she concluded not to accept it.

[1] Among the grounds relied upon for a reversal is the claim that the evidence does not support the finding that the building did not conform to the terms of the contract. Upon this subject there is testimony to show that it was erected in a very poor and imperfect manner, contrary to the plans and specifications and in violation of the provisions of the Dwelling House Act. The doors were short, and to remedy this defect they had to be spliced so as to be made to fit; the roof had spread by reason of the settling of its supports and from insufficient bracing, and one side of the building was bulged out; the windows and roof leaked; the plastering cracked on account of the sinking of the archway, and the windows and sills were out of alignment. Experts testified to many other defects.

This evidence is sufficient to warrant the finding, as expressed by the trial judge who viewed the premises, that it

was, in the language of one of the experts, "the rottenest job of carpentry and building that he had ever seen." There is, therefore, no merit in the contention that the evidence fails to support the findings in this particular.

It is next claimed that the evidence fails to show that the plaintiff ever accomplished a rescission of the contract, for the reason that she never restored or offered to restore the things of value she had received under the contract as required by section 1691 of the Civil Code.

The rule announced by this section is based upon the principle that he who seeks equity must do equity. **[2]** In this connection it is well settled that any person demanding a rescission of a contract to which he is a party must restore or offer to restore to the other whatever he may have received under the contract in the way of money, property or other consideration of benefit. It is only by doing this that he can entitle himself to the return of what he, on his part, may have given or paid, and to be released from the contract. Such in effect are the requirements of the section above referred to. **[3]** Restoration to the *status quo ante,* however, is not essential in all instances. There are situations where the party who seeks to rescind has received nothing of value, and under such circumstances, as there is nothing to restore, the rule does not apply (*Larkin* v. *Mullen,* 128 Cal. 449 [60 Pac. 1091]; *Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011]). In the instant case one of the things that it is claimed plaintiff received under the contract was the muniment of title evidenced by the executory contract here sought to be rescinded. It is admitted that plaintiff failed to tender a return of this instrument. In her complaint she sets forth that she received nothing, and the court so found.

**[4]** This contention presents the question whether or not, under the circumstances of the case, plaintiff was bound to surrender or offer to surrender her executory contract of sale to defendant before being entitled to rescind. In support of this claim it is in substance argued that plaintiff by virtue of her contract received an equitable title in and a lien upon the property, and the only means by which she could restore the defendant to his original status was by giving or tendering him a return of this instrument or a quitclaim deed

relinquishing her interest, and that such tender was a condition precedent to her right of recovery.

We see no merit in this contention. One seeking the rescission of a contract is not required to make a tender or offer of restoration of that which he would be entitled in any event to retain. Here plaintiff had conveyed to defendant her interest in the lots acquired by her under her original contract with defendant, and she was entitled to retain her contract evidencing this interest for her own protection in the event that rescission should be denied her (2 Black on Rescission and Cancellation, sec. 621). **[5]** It is not claimed that any sale was effected under the executory agreement, as the contract provided that a conveyance was to be made only upon full performance; but even conceding, for the purpose of the case, that the outstanding unrecorded executory agreement constituted a cloud upon the title to the property, and was therefore a thing of value within the meaning of the code section, it was an interest which plaintiff had acquired, and one she was entitled to retain by reason of her payments, and until a determination of her rights was had she was not bound to relinquish this evidence of interest.

In conformity with this view it has been held that where a plaintiff was seised in fee of two pieces of land, and was induced by fraudulent representations as to his title to relinquish one piece in consideration of a deed to the other, in order to maintain an action to set aside his conveyance of the one piece upon discovery of the fraud, it was not necessary to restore the other so as to put the parties *in statu quo*. (*Du Pont* v. *Du Bos*, 52 S. C. 244 [29 S. E. 665]. See, also, *Matteson* v. *Wagoner*, 147 Cal. 739 [82 Pac. 436]; *Wills* v. *Porter*, 132 Cal. 516 [64 Pac. 896]; 2 Black on Rescission, p. 1432.)

The court had under the pleadings power to do exact justice between the parties and place them both *in statu quo* by adjudging their rights in and to the property, and its judgment determines such rights, and is *res adjudicata* upon the subject. This is all that plaintiff sought by her action. (*Wills* v. *Porter, supra; Schneider* v. *Schneider*, 125 Iowa, 1 [98 N. W. 159].)

In this connection it is further contended that plaintiff had possession and use of the premises both before and

after the attempted rescission. The court found otherwise. The evidence upon the subject sustains the finding. It in effect shows that defendant during the construction of the bungalow lived on adjoining property, and that she housed her automobile in a garage built and located on the back portions of the lots in question, but that the occupation of the garage was not intended to constitute possession in her, but that, on the contrary, it was understood by the parties to be a mere accommodation. It further shows that while plaintiff also planted certain trees in anticipation of her acquirement of the premises, this act was also done under a privilege, and was not intended by the parties as one indicating possession. Under the contract and pending performance thereof plaintiff had no right to possession of the property. (*Havens* v. *Alameda Co.*, 30 Cal. App. 206 [157 Pac. 821]), and, as the court found, she acquired none by her agreement.

[6] And, finally, it is claimed that plaintiff was in default in her payments.

The bungalow was completed in March, 1921, and possession was tendered plaintiff. It is true that at this time she had not made her February payment, but the evidence shows that prior to this time she had concluded not to accept the building for the reasons heretofore stated. Under such circumstances she was entitled to withhold further payments.

No other questions are presented.

The judgment is affirmed.

Richards, J., and St. Sure, J., concurred.