[Civ. No. 7714.   First Appellate District, Division Two.—December 26, 1930.]

J. C. P. MOORE, Respondent, v. C. THOMAS GIFFEN et al., Appellants.

Meserve & Meserve and Meserve, Mumper, Hughes & Robertson for Appellants.

W. I. Gilbert for Respondent.

NOURSE, P. J.—Plaintiff sued for the rescission of a contract to purchase a sublease on an oil and gasoline service station together with all equipment and stock in trade. The cause was tried without a jury and the court gave judgment for plaintiff, from which the defendants appeal on a bill of exceptions.

The defendants had been operating the station under lease and during the year 1924 had averaged a sale of 1242 gallons of gasoline a day. The Sierra Refining Company was the lessee of the real property and held a contract with defendants for the sale to them at wholesale of all the gasoline dispensed upon the premises. Under the agreement with the refining company the defendants were obligated to pay a monthly rental of $150 plus one cent a gallon per month for each gallon of gasoline sold on the premises.

In the latter part of January, 1925, negotiations were had between plaintiff and defendants for the sale of the station and plaintiff insisted that this lease be changed to a flat rental. Thereupon a new lease was executed by the refining company to the defendants for an extended period at a monthly rental of $400, all of which was done with the written consent and agreement of plaintiff. On February 2, 1925, plaintiff and defendants executed a written contract for the sale of the sublease and all the equipment and accessories and the plaintiff soon thereafter entered into possession and continued to operate the station until July 8, 1925.

On the 4th of June, 1925, plaintiff gave written notice of his election to rescind this contract, giving as his sole ground the falsity of defendants' representations that the station had enjoyed an average sale of over 1000 gallons of gas per day. When confronted with proof that the average daily sales for the entire year preceding the transfer had been 1242 gallons, plaintiff, on June 29, 1925, gave a new notice of rescission, specifying as his ground that the representations as to daily sales went to the month of January, 1925, alone, and that the ''net profit'' for that month had been $690.

The appellants have assigned numerous errors, but as we are satisfied that the judgment must be reversed, we

deem it necessary to consider but three of the grounds assigned.

■ 1. The failure of proof of the falsity of the representations relied on. On the matter of the net profit for the month of January no evidence at all was received, and hence the finding that this representation was false was not supported by the evidence. On the matter of the daily sales, the only competent evidence covered the period from January first to the ninth and the period from the twenty-first to the twenty-eighth, inclusive. There was no competent evidence covering the remaining days of the month—the guess of the employee who was working part time being nothing more than a conjecture. Respondent testified that early in February one of the appellants had given respondent's counsel sales slips containing the complete data of daily sales and also the record of sales by the wholesaler, that these had been handed to him by his counsel, but he had failed to examine them and had lost them. Inasmuch as the burden of proof was on respondent to prove the falsity of the representations, his failure to produce this evidence must be taken against him under the presumption found in section 1963, subdivision 5 of the Code of Civil Procedure.

On this point the case is a simple one. The respondent first based his claim of fraud on a general representation as to daily sales. When convinced that the proof of these sales for the entire previous year showed they were far greater than represented, he changed his charge to the period of January, 1925. The utter improbability of a purchaser of a going business limiting his investigations to the sales of one month out of the twelve when the information covering the entire previous year was available from the records and when he knew that the information as to the January sales was incomplete merely emphasizes the necessity of satisfactory proof of the charges relied on. These representations were claimed to have been made before the end of January when complete records of sales for that month were not at hand and when it was impossible to correctly state the net profits for the month. It has frequently been said that fraud is not to be presumed, and, when fraud is the basis of the action, it must be proved by competent evidence. Here the finding as to the average

daily sales for the month of January is based upon conjectures and not upon evidence. This is patent when we take into consideration that the business of a gasoline service station in the month of January is largely dependent upon weather conditions, so much so that sales for the month cannot be fairly averaged on the basis of actual sales during a portion of the month without taking the weather conditions into account.

2. The notice of rescission was defective because the respondent did not offer to restore the consideration he had received. Included in the sale were automobile tires, casings, tubes and other accessories of an approximate value of $1100. These respondent sold while in possession. He retained the proceeds, but made no offer to restore to appellants. There was also included in the sale 1100 gallons of gasoline and a large quantity of oils. Sales of these materials were also made, but respondent did not offer to make restoration.

3. The importance of this item is emphasized by the third point to be considered, which is the undisputed laches of the respondent. Though the trial court found that respondent did not discover the falsity of the representations until June, 1925, all the evidence is directly to the contrary. Bearing in mind that these representations were not what daily sales might be anticipated, but what sales were actually made in January, 1925, we turn to the evidence and find that in February of that year respondent was informed by one of the appellants' employees that the January sales did not exceed 700 gallons daily and that respondent admitted while on the stand that he learned in February that the January sales had been misrepresented and that this "put me on inquiry". He further testified that he knew he could obtain the data of January sales from the wholesaler, that records showing these sales had been in his possession and in the hands of his counsel in February, but that he had not examined them. The undisputed evidence is that in February, 1925, respondent knew that the January sales had been exceptionally low, that the business did not pick up in February as he had expected, but that he continued in the possession of the premises in the hope that with the end of the "gasoline war" and with better weather conditions the business would im-

prove. This is, therefore, a typical case of a purchaser who, knowing the facts which would entitle him to rescind, elects to stand upon the contract for the purpose of seeking profit to himself, and then, failing to gain profit, changes his mind and seeks to avoid the contract. The cases are uniform that the purchaser must make his election when he has knowledge of the facts involved and that he cannot gamble with his contract. (*Ferguson* v. *Edgar,* 178 Cal. 17, 19 [171 Pac. 1061]; *Bancroft* v. *Woodward,* 183 Cal. 99, 111 [190 Pac. 445]; *Greene* v. *Locke-Paddon Co.,* 36 Cal. App. 372, 374 [172 Pac. 168]; *Schneider* v. *Henley,* 61 Cal. App. 758, 763 [215 Pac. 1036]; *Garstang* v. *Skinner,* 165 Cal. 723, 730 [134 Pac. 329]; *Shiverick* v. *Bonsall,* 185 App. Div. 338 [173 N. Y. Supp. 90, 94].) █ It is equally well settled that where a party has knowledge of facts which would reasonably put him on inquiry, and such inquiry, if pursued, would have led to a discovery of the fraud, he will be charged with having discovered it as of the time he should have discovered it. (*Lady Washington C. Co.,* v. *Wood,* 113 Cal. 482, 488, 489 [45 Pac. 809]; *Bancroft* v. *Woodward,* 183 Cal. 99, 108 [109 Pac. 445].)

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.