[Sac. No. 4380. In Bank.—August 8, 1931.]

HARRIET C. LANKTREE, Appellant, v. SPRING MOUNTAIN ACRES, INC. (a Corporation), Respondents.

Harry I. Stafford, Allen C. Cunha and Edward H. Cunha for Appellant.

Nathan F. Coombs for Respondent.

SHENK, J.—This is an appeal from a judgment for the defendant in an action to set aside a deed.

For many years the plaintiff was the owner of a ranch called "Spring Mountain Ranch", comprising some 688 acres, and situated in Napa and Sonoma Counties, this state. Prior to July, 1927, the property had become run down, the buildings dilapidated and the owner had become financially involved. The Bank of America, St. Helena branch, held a trust deed against this property securing a loan of $3,900 which the bank was threatening to foreclose. Wilbur J. Lanktree, son of the plaintiff, and acting in her behalf, approached the defendant Roberts to enlist his interest in aiding the plaintiff in her financial difficulties. Mr. Roberts was in association with the defendant Robinson as building contractors in Oakland and elsewhere, conducting their business through the medium of a corporation called Roberts-Robinson Company. At the solicitation of the son, Mr. Roberts visited the plaintiff's ranch and after a considerable lapse of time became interested in a proposition to improve said ranch and convert it into a resort of mountain cabins, golf course, etc., as well as to conduct ranching operations in conjunction with an adjoining 240-acre ranch acquired by Mr. Roberts. During his investigation and negotiations with the plaintiff, Mr. Roberts advanced money to pay taxes and incidental expenses on the plaintiff's ranch. Finally an agreement was reached whereby a corporation was to be formed under the name of Spring Mountain Acres, Inc. To this corporation the title to the two ranch properties was to be conveyed and the capital stock of the corporation was to be 250 shares of the par value of $100 each. One hundred twenty-three shares were to be issued to the plaintiff, sixty-four shares to Mr. Roberts, and sixty-three shares to Mr. Robinson. The defendants Roberts and Robinson agreed to assume and pay the $3,900 obligation secured by the trust deed on the plaintiff's property.

Pursuant to the agreement the plaintiff, in January, 1928, executed a deed conveying title to her ranch to "Spring Mountain Acres, Inc.", and delivered it to Mr. Roberts for the purpose of carrying out the transaction. Thereafter, in March, 1928, the corporation was organized by the plaintiff, Roberts and Robinson, a qualifying share of stock having

been issued to each. The plaintiff, as secretary of the corporation, joined in an application to the commissioner of corporations for a permit to issue the stock upon the representation to the commissioner that the two ranches were to become the property of the corporation. The permit was issued upon the condition, among others, that the lands should be conveyed to the corporation free and clear of all encumbrances. The 240-acre ranch was deeded to the corporation free and clear and the deed to the Spring Mountain Ranch executed by the plaintiff to said corporation was filed for record on July 13, 1928. Five days later this action was brought to set aside and cancel the deed, alleging in the first count that the deed had never been delivered and had been recorded without authority and in violation of an alleged trust on the part of Roberts, and in the second count that there was no consideration for the deed.

The trial court found that delivery of the deed had been accomplished; that there had been no violation of any alleged trust relation existing between the plaintiff and the defendant Roberts; that there was a good and valid consideration for the deed, and that the plaintiff was estopped by her conduct from claiming a cancellation of said deed. Judgment for the defendants was accordingly entered.

It is contended on this appeal (1) that there was no delivery of the deed to the defendant corporation; (2) that there was no consideration for the deed; and (3) that the permit of the corporation commissioner was not complied with and that therefore the corporation never became entitled to issue the certificate of stock to the plaintiff.

■ The evidence is sufficient to sustain the finding that the deed was delivered. It was handed by the plaintiff to Mr. Roberts in pursuance of the agreement to consummate the conveyance of the title to both ranches to the corporation to be formed. ■ A deed executed to a corporation prior to its organization, but, as here, delivered to another with the intention to have it delivered to the corporation after its organization, and duly accepted by the corporation and recorded, vests title in the corporation. (*San Diego Gas Co.* v. *Frame*, 137 Cal. 441 [70 Pac. 295]; 1 Clark & Marshall, Private Corporations, sec. 111a, p. 336; 4 Thompson on Corporations, 3d ed., sec. 2521.) ■ The mutual promises of the incorporators here in evidence were a sufficient considera-

tion for the plaintiff's deed. (*West* v. *Crawford*, 80 Cal. 19 [21 Pac. 1123].) This is especially so since in compliance with said agreement the 240-acre adjoining ranch was conveyed to said corporation before the plaintiff's deed was delivered to the corporation.

At the instance of the plaintiff the permit of the corporation commissioner was temporarily revoked and the stock certificates therefore have not been issued. However, upon the acceptance of her deed by the corporation the plaintiff became the equitable owner of her proportion of the stock. The stock certificate would be evidence only of such ownership. In any event the plaintiff is in no position to insist, under the circumstances here shown, that the deed be canceled because the certificate had not been issued. The actual payment of the $3,900 trust deed note was not made a condition precedent to the passing of title to the corporation. The defendants Roberts and Robinson assumed the obligation and accordingly took effectual steps to prevent a sale under the trust deed.

The plaintiff did not rescind the transaction or offer to restore to the defendants, or any of them, the benefit she had received from the expenditure by the defendants Roberts and Robinson of over $3,200 in repairs and improvements on her ranch, paid and expended in reliance upon the validity and sufficiency of her deed to the corporation. At the trial the plaintiff, through her counsel, disavowed any intention to restore and expressly refused to make any restitution on account of the expenditures made for the benefit of Spring Mountain Ranch. These facts were sufficient upon which to base the finding and conclusion of the court that the plaintiff was estopped from claiming a cancellation of the deed.

The judgment is affirmed.

Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.