The petitioners sought a decree in equity declaring a lien on the property they had bought from the respondents for the part of the purchase price they had paid, alleging that the transaction was infected by fraudulent representations of the sellers. They were placed in possession at the time the money was paid and were still occupying the property when the suit was instituted.
No defensive pleadings had been filed or testimony taken when the chancellor, upon motion of the respondents, entered an order requiring the petitioners to vacate the premises within ten days.
There is no need to detail the allegations of the bill of complaint, as it is immediately apparent from what we have written that the simple question presented in this proceeding is whether one occupying property he has agreed to buy may sue to rescind the contract for its purchase on the ground of fraud, and retain possession of the property while the suit progresses.
From our examination of the authorities we have the view that in suits in equity, as distinguished from actions at law, the current judicial thought on the subject is that one in the position of the petitioners may keep possession of the property if he offers in his pleading to do equity by surrendering it to his adversary in accordance with the terms of a decree ultimately rendered in his favor. Incidentally, it may be said that in the bill of complaint in this case the petitioners represented that they stood ready and willing to vacate the premises when reimbursed for the money they had paid on the property or "as soon as they [were] ordered to do so by the Court."
A treatment of the subject may be found in a note in 142 A.L.R. page 582, following the report of the decision in the case of Kent v. Clark, 20 Cal.2d 779, 128 P.2d 868, and in 55 Am.Jur., page 1000 et seq. It should be pointed out that the cited case from the Supreme Court of California, which serves as an introduction to the note, cannot be entirely relied upon to govern a decision in the instant controversy because the decision was controlled by a section in the code of that state specifically providing that actual surrender of property by a vendee is not a prerequisite to a suit to rescind if he has offered to restore the property to the vendor. However, the cases compiled in the note and the ones referred to in American Jurisprudence seem inescapably to lead to the conclusion that modern thought on the subject supports the position of the petitioners in this case.
So we hold that one praying in equity for a rescission of a contract because of the fraud of the person from whom he bought may retain possession of the property pending the suit if he offers to return it in obedience to the terms of the decree he seeks. We apply this principle *Page 276 
to the present case although the petitioners are asking that a lien for the amount they paid be placed upon the property and that it be then sold to discharge the claim. If the respondents wish to prevent such a sale, they may easily repay the amount they have received, and the petitioners will then be bound by their offer to restore the respondents to possession. In such an eventuality the chancellor may then decide whether equity requires that credits be allowed the respondents for the intervening loss of use of the property and the petitioners for interest on the money meanwhile retained by the sellers.
The writ of certiorari is awarded and the order requiring the petitioners to vacate is quashed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.