[Civ. No. 7986. First Appellate District, Division Two.—October 16, 1931.]

ANN M. NEALE, an Incompetent Person, etc., Respondent, v. D. STERLING et al., Defendants; STERLING CORPORATION (a Corporation), Appellant.

McGee & Sumner and William A. Sumner for Appellant.

A. E. Koepsel for Respondent.

SPENCE, J.—Shortly prior to January 12, 1926, plaintiff, a woman seventy-five years of age, had certain dealings with defendants as the result of which she transferred to the defendant Sterling Corporation certain cash, bonds and other property in exchange for stock in said corporation. On January 12, 1926, she was adjudged an incompetent person

and Walter F. Kogler was appointed as her guardian. Following the appointment, plaintiff, through her guardian, offered to restore the stock received upon condition that defendants return the money and property received from her. Upon defendants' failure to accept said offer, plaintiff brought this action to recover said money and property delivered to defendants or the value thereof. From a judgment in favor of plaintiff and against the defendant Sterling Corporation said corporation appeals upon the judgment-roll.

It is appellant's contention that the findings do not support the judgment. Three of the specifications of insufficiency of the findings are first, that there is no finding that respondent had been adjudicated incompetent prior to the time she entered into the contracts; second, that there is no finding that appellant had any knowledge of respondent's incompetency; and third, that there is no finding of fraud on the part of appellant. In our opinion such findings were not required, as the trial court found that respondent was in fact incompetent at the time she entered into the contracts. Counsel for appellant states that respondent was not entirely without understanding and therefore her contracts were not void but merely voidable (*Maionchi* v. *Nicholini*, 1 Cal. App. 690 [82 Pac. 1052]; *McNeese* v. *McNeese*, 190 Cal. 402 [213 Pac. 36]); but under such circumstances even voidable contracts of an incompetent person are subject to rescission. Section 39 of the Civil Code provides that "A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission, as provided in the chapter on rescission of this code." That section confers upon an incompetent person the right to rescind a voidable contract made before a judicial determination of incompetency but while such person was in fact incompetent. That right is entirely predicated upon incompetency at the time the contract was made and is not dependent upon knowledge of the incompetency or fraud on the part of the other party.

Appellant further calls our attention to the fact that "there is no finding that the parties can be placed *in statu quo*". It is difficult to understand appellant's contention in this regard. By failure to deny, appellant admitted the allegation that prior to the commencement of the

action respondent had offered to restore to appellant all of the stock issued to respondent being everything of value which she had received. The trial court by its judgment ordered respondent to return the stock to appellant and ordered appellant to return to respondent the money and property received and in the event that the property could not be redelivered by appellant to respondent ordered judgment in favor of respondent for the value thereof. In our opinion the complaint was sufficient and the judgment proper without a specific allegation or finding that the "parties can be placed *in statu quo.*"

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.