## MONARCH LOAN CO. v. SHELLENBERGER et al.

No. 20266. Opinion Filed July 12, 1932.

Rehearing Denied Oct. 18, 1932.

248

Hatchett & Ferguson, Wilkins & Wilkins, and Keller & Cameron, for plaintiff in error.

Potter & Potter, for defendants in error.

CULLISON, J. Plaintiff, the Monarch Loan Company, instituted suit seeking to recover on a promissory note and for the foreclosure of a real estate mortgage given as security for said indebtedness.

The parties will be referred to as they appear in the trial court. The record discloses that Clara Maude Shellenberger and husband, W. R. Shellenberger, executed a note and mortgage to the Monarch Loan Company, dated August 15, 1921, in the principal sum of $6,000 due on January 1, 1927.

All interest payments were paid up until the final payment due January, 1927. Upon default of the final interest payment and principal, suit was instituted for judgment on the note and to foreclose the mortgage.

At the time suit was instituted, Clara Maude Shellenberger, one of the defendants herein, had been adjudged incompetent and defense was made through her guardian and the guardian ad litem. She was the only party defendant who defended at the trial of said cause. She answered, and pleaded as a defense against said note and mortgage that she was entirely without understanding at the time said instruments were executed, that the same were of no force and effect, and asked for the cancellation of said instruments.

The case was tried to a jury and nine members of the jury returned a verdict finding for the defendant and canceling said notes and mortgage. From said judgment of the trial court, plaintiff appeals to this court and presents as its first assignment of error that the trial court erred in overruling plaintiff's demurrer to defendant's evidence and in refusing to give instructions that a verdict be returned for plaintiff.

The consideration of this assignment of error necessitates our consideration of the law applicable to contracts and an application of that law to the evidence in the case at bar.

Section 4970, C. O. S. 1921, provides:

"All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights."

The only persons prevented from contracting under the above section are minors, persons of unsound mind, and persons deprived of civil rights.

The only portion of said section applicable to the case at bar is that part pertaining to persons of unsound mind. Persons of unsound mind are defined by the statute in section 4975, as follows:

"Persons of unsound mind, within the meaning of this chapter, are idiots, lunatics, and imbeciles."

Section 4981 provides, in substance, that a person entirely without understanding has no power to make a contract of any kind, but is liable for the reasonable value of things furnished necessary to support.

Defendant contended in said trial that she was entirely without understanding and had no power to make the contracts which are the basis of the suit at bar.

We have reviewed defendant's evidence in chief, and after applying said evidence to the statutes mentioned supra, we do not believe the same rises to that degree of proof necessary to establish the fact that defendant was entirely without understanding at the time the contracts were executed.

Under section 4970 all persons are capable of contracting, **except** "* * * persons of unsound mind. * * *"

Section 4971 provides that persons of unsound mind have only such capacity as is defined by the statute of this state, and section 4975 defines who are persons of unsound mind, to wit, idiots, lunatics, and imbeciles.

In the trial of the case, Dr. Batson testified that defendant Clara Maude Shellenberger was not an imbecile, nor total idiot. This doctor was defendant's witness. He attended defendant for a considerable time. The medical testimony showed that defendant developed St. Vitus' Dance about 1917, and that it would become worse during pregnancy. But the testimony further shows that defendant did most of her own housework before and after the date of the execution of the note and mortgage.

The record discloses that defendant and

W. R. Shellenberger were married in 1911, and that the note and mortgage was signed in 1921. The record further discloses that defendant filed suit against W. R. Shellenberger and procured a divorce from him in July, 1923, and that at the time defendant secured said divorce she was awarded the custody and control of the children.

There was nothing to indicate that defendant was mentally incompetent at the time she was plaintiff in the divorce action. This was two years after the execution of the note and mortgage. The record further discloses that defendant was committed to the insane asylum in the latter part of the year 1925, and that prior to that time she had never been adjudged to be incompetent, which was four years after executing the note and mortgage sued upon.

We further observe that the burden of proof was upon the defendant to prove that the defendant was entirely without understanding at the time of the execution of the note and mortgage sued upon herein.

After considering the evidence relative to this question, we find that the same does not rise to the degree of proof necessary to establish that the defendant was wholly without understanding, sufficient to invalidate the contract sued upon herein.

In the case of Mullen v. First Guaranty State Bank of Crossplains, Tex., 113 Okla. 84, 239 P. 161. this court said, at page 86 of 113 Okla.. at pages 162 and 163 of 239 P., of the opinion:

"Therefore, to render a contract voidable on account of the mental incapacity of one of the parties to it, it is not enough that such party was at times, from whatever cause, lacking in sufficient sanity to understand what he was doing. but the evidence of his defective intelligence must relate to the immediate time of making the contract. A deed mortgage, or other conveyance or contract made by an insane person, but during a lucid interval before his incapacity has been judicially determined, is valid and enforceable. A lucid interval, as the term is used in medical jurisprudence. is an interval occurring in the mental life of an insane person, during which he is completely restored to the use of his reason, or so far restored that he has sufficient intelligence, judgment, and will to enter into contractual relations, or perform other legal acts without disqualification by reason of his disease. Black on Rescission and Cancellation, sections 260, 261.

"This principle is followed by this court in Conwill v. Eldridge, 35 Okla. 537, 130 P. 912. In that case the evidence showed that the party was not of sound mind or

full understanding, but this court held that it was necessary to show, in order to avail himself of that defense, that he was 'wholly without understanding' at the time of the execution of the instrument."

Having determined that the defendant was not entirely without understanding so as to invalidate the contract, it then becomes necessary to determine what are the rights of plaintiff and defendant in the case at bar.

Section 4982 is as follows:

"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined. is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

The above section should be applied in connection with section 5079:

"Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"First. He must rescind promptly upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and

"Second. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

The pertinent facts, as disclosed by the record, show that the land covered by plaintiff's mortgage was the property of defendant Clara Maude Shellenberger prior to the date of her marriage with W. R. Shellenberger. Said land had been mortgaged and there was a mortgage on the same to the Commissioners of the Land Office in the amount of $2,500 at the time the plaintiff's mortgage was procured. Plaintiff loaned defendant $6,000, and took as security a mortgage on said land. The money was paid by plaintiff to Clara Shellenberger by draft, dated August 15, 1921, in the amount of $6,000, and said draft was indorsed by Clara Shellenberger and deposited in her local bank in the name of Clara Shellenberger.

Under sections 4982 and 5079, where a person of unsound mind desires to, they may rescind a contract, but rescission must be made in accordance with the two sections just quoted, supra.

If defendant desired to avail herself of the benefits of said sections, it became necessary as a condition precedent to the carrying out of said sections that she also comply with the requirements of said section relative to her part of the transaction before she would be given the relief provided for by said sections. This, defendant failed to do. She in no wise attempted to comply with the requirements of our statutes relative to rescission of contract, and since defendant in no wise attempted to comply with the statute which gives to her certain rights, if she desired the benefit of said rights, it became necessary that she comply with the conditions precedent. This she wholly failed to do.

In the case at bar, defendant procured $6,000 from plaintiff. There was no fraud whatsoever in the transaction. The defendant actually received the money. Plaintiff made the transaction in good faith. No fact was shown to indicate in any way that any notice was given to plaintiff of any incompetency on the part of the defendant at the time of signing the note and mortgage.

No objection was made until the note and mortgage became due and suit was filed thereon to collect on the same. As each interest payment became due, defendant paid the same and thereby ratified her contract with plaintiff at the time of making said interest payments, prior to being adjudged incompetent.

After fully considering said cause, we hold that the trial court erred in not rendering judgment for plaintiff. The disposal of plaintiff's first assignment of error disposes of this appeal without considering the other questions raised by plaintiff.

It is therefore ordered that the judgment of the trial court be vacated, and the cause is reversed and remanded to the trial court, with directions to enter judgment for plaintiff against defendants, in accordance with terms and conditions of the note and mortgage sued upon.

RILEY, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. LESTER, C. J., and McNEILL, J., absent. HEFNER, J., not participating.

Note.—See under (1) annotation in 4 L. R. A. 637; 3 L. R. A. (N. S.) 174; 14 R. C. L. 583; R. C. L. Perm. Supp. p. 3638.