**DOZIER v. SCHUERMANN, Gd'n.**

No. 25663.   Dec. 17, 1935.

H. Z. Wedgwood, for plaintiff in error.

Dyer & Smith, for defendant in error.

WELCH, J. In the trial court plaintiff sought recovery on a promissory note. Among other defenses it was asserted that the defendant, at the time of execution of the note, had no mental capacity to contract.

Upon trial there was verdict and judgment for the plaintiff. From that judgment defendant prosecutes error, and contends that the trial court erred in giving to the jury instruction No. 6, reading as follows:

"You are instructed that under the laws of this state a person who is an idiot, a lunatic or an imbecile cannot avoid contract and destroy its liability merely because they were an idiot, a lunatic or an imbecile or a person entirely without understanding, but such person must comply with the law, and rescind the contract in the manner provided by law, and in this case unless you find from the evidence and a preponderance thereof that the defendant rescinded her said contract and offered and tendered to the plaintiff everything of value which she had received by reason of said contract, the note, then you are instructed that you cannot find a verdict for the defendant, but your verdict must be for the plaintiff."

The giving of this instruction may have resulted from some confusion as to our statutory provision.

Section 9402, O. S. 1931, provides:

"A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family."

Section 9403, O. S. 1931, provides:

"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

While section 9500, O. S. 1931, contained in the article on extinction of contracts, provides the method of rescission of contracts, by restoring, or offering to restore to the other party everything of value received under the contract.

A careful reading of these provisions discloses, however, that section 9403 applies to contracts made by persons not entirely without understanding, whereas section 9402 applies to persons who are entirely without understanding. As to persons who are entirely without understanding, they cannot contract any liability unless it be the exact liability referred to in section 9402. A purported contract made by a person entirely without understanding is void, and a defense in behalf of such a person need not be predicated upon rescission as referred to in sections 9403 and 9500, supra. That is to be observed from a careful reading of the statutes, and from the construction thereof by this court. See Norris v. Dagley, 64 Okla. 171, 166 P. 718; Long v. Anderson, 77 Okla. 95, 186 P. 944; Monarch Loan Co. v. Shellenberger, 159 Okla. 247, 15 P. (2d) 53. The giving of instruction No. 6 was error, for it advised the jury, in substance, that even though the defendant was a person entirely without understanding the defendant would be liable in the absence of compliance with the law for rescission of the contract by restoring or offering to restore to the other party.

The plaintiff urges that if instruction No. 6 is erroneous, it is harmless and without prejudice, because there was no evidence that the defendant was a person entirely without understanding.

We cannot agree with that contention. The evidence to this effect is not of outstanding strength, but there is some competent evi-

dence offered to show that the defendant was entirely without understanding. There are circumstances and there is evidence to the contrary which might be said to be of greater strength. But the question of the weight of this evidence is for the jury, and in this case the jury should have been required, under proper instructions, to determine the issue of fact whether the defendant was entirely without understanding at the time of the execution of the promissory note. It is the well-settled rule that when there is conflicting evidence, and when there is any competent evidence tending to establish a controverted issue of fact, properly triable to the jury, that such issue should be submitted to the jury under proper instruction.

In this case, if the evidence had been overwhelming, and had thoroughly established that the defendant was entirely without understanding, yet under this instruction the jury was bound to return a verdict for the plaintiff, since there was no effort made by defendant to rescind the contract by restoring or offering to make restoration to the plaintiff. In such case, and in view of the presence of competent testimony, however slight, we cannot say that the giving of the erroneous instruction was a harmless error. That instruction precluded the jury from passing upon one of the essential issues of fact.

The judgment must be, and is, reversed, and the cause remanded, with directions to grant defendant a new trial.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.