**Mike D. VOLK, Plaintiff and Appellant,**

v.

**Lawrence VOLK, Margaret Bischoff, Dorothy Lemer and Alvin A. Kramer, Defendants and Respondents.**

**No. 8024.**

Supreme Court of North Dakota.

May 10, 1963.

Joseph J. Funke, Minot, for plaintiff and appellant.

Duffy & Haugland, Devils Lake, for Lawrence Volk, Margaret Bischoff and Dorothy Lemer, defendants and respondents.

Joseph C. McIntee, Towner, for defendant and respondent Alvin A. Kramer.

MORRIS, Chief Justice.

This is an appeal from a judgment of dismissal of plaintiff's action entered pursuant to an order for summary judgment dated November 20, 1961, purporting to grant a summary judgment for a dismissal of the action. The judgment recites that:

"*  *  *  the defendants, Lawrence Volk, Margaret Bischoff and Dorothy Lemer having moved the court for summary judgment on the pleadings, and the said matter having been submitted to the court on written briefs and the court having considered the matter, and it appearing to the satisfaction of the court that there is no substantial issue of fact herein and that the complaint does not state facts sufficient to constitute a cause of action and that this court is without jurisdiction,  *  *  *

"*  *  *  IT IS ADJUDGED AND DECREED that the plaintiff's action be and the same is hereby dismissed."

The action is one to set aside a stipulation for dismissal entered into on June 16, 1961 in the County Court of McHenry County in a probate proceeding involving the validity of the last will and testament of Denis Volk, deceased.

Plaintiff's complaint alleges that the defendants Lawrence Volk, Margaret Bischoff and Dorothy Lemer are heirs-at-law of Denis Volk, deceased, and contestants of his will. It is further alleged:

"That a trial was had in the County Court of McHenry County, North Dakota, concerning the validity of said Last Will and Testament, when suddenly and under threat of violence, the plaintiff herein suffered an acute anxiety neurosis, resulting in an amnesia, and when in that state of mind consented to and directed a stipulation for dismissal, a copy of which is hereunto affixed.

"That at the time that the plaintiff agreed to such a stipulation he was mentally unsound and disturbed and was not aware of what he was doing. That since the time of making such stipulation, the plaintiff has been a patient at St. Joseph's Hospital in Minot, North Dakota, for rest and treatment."

The stipulation referred to is entitled in the County Court of McHenry County. Alvin A. Kramer is the petitioner. The respondents are Mike D. Volk, Lawrence Volk, Margaret Bischoff, Dorothy Lemer, Andrew Fisher, Angelene Fisher, Francis Fisher, Magadalene Fisher, Irene Fisher, Joseph Fisher, Dennis Gange, Lawrence Gange, Marie Gange, Theresa Gange, Peter Gange, John Gange, and all other persons unknown claiming any estate or interest in the estate of Denis Volk, deceased. The stipulation purports to be an agreement between the petitioner and the respondents Mike D. Volk, Lawrence Volk, Margaret Bischoff and Dorothy Lemer, and states that it is by way of a family settlement and to avoid all further litigation regarding the estate of Denis Volk, deceased. It recites that the proceedings for the probate of the will are to be dismissed for the reason that there was no property belonging to

the decedent at the time of his death, he having given all of his land, or the proceeds thereof, to his children before his death and his cash money to the respondent Mike D. Volk, "but that such gift was in trust for the purpose of paying all funeral expenses and debts of the decedent and for distribution of the residue to the heirs of the decedent." It is further recited that after the payments of debts and expenses there will remain for distribution to the heirs "the sum of $545.00 for the children Lawrence Volk, Margaret Bischoff, and Dorothy Lemer and a like amount for the children of Katherine Gange and a like amount for the children of Scholastica Fisher." The stipulation then further provides that Mike Volk agrees to make payment of $3,085 from the money left with him to Alvin A. Kramer for distribution to the heirs as agreed upon. The stipulation then contains this important provision:

"In the event that any of the heirs who are not a party to this agreement shall object to such agreement, or refuse to accept the benefits hereof, and in the event they shall institute any probate proceedings or shall question the Will of the decedent, it is agreed that this dismissal shall be without prejudice to the further probate of said Will, but in that event the distribution of funds herein agreed upon shall be conclusive upon the parties hereto and shall be deemed a satisfaction of any claims that the answering respondents may have to said estate."

It will be seen from the provision above quoted that the stipulation purports to bind only those parties who signed it and those additional parties who accepted benefits under it. It does not appear from the pleadings or otherwise that the stipulation or benefits thereunder were accepted by anyone except the signers, who are parties to this action.

The defendants Lawrence Volk, Margaret Bischoff and Dorothy Lemer served an answer in the nature of a general denial and specifically alleged that the complaint does not set forth facts sufficient to constitute a cause of action. It is also alleged that the district court is without jurisdiction of the subject matter of the action in that the stipulation was made during the course of the hearing of a matter pending in the County Court of McHenry County and that an additional stipulation was entered into in open court as follows:

"It is stipulated and agreed by and between Mr. Clyde Duffy, representing the answering respondents and Joseph C. McIntee, representing the petitioner, Alvin A. Kramer, Mike D. Volk, respondent, that the stipulation for dismissal heretofore dictated was then typed by the Court Reporter and copies presented to Mike D. Volk, Lawrence Volk, Dorothy Lemer and Margaret Bischoff for their specific approval; that said parties agreed that the stipulation for dismissal be in all things approved and that each of said parties affix their signatures to the several copies of the instrument and that they affixed their signatures in the presence of their respective attorneys; and that the original copy of the Stipulation for Dismissal be filed with the County Court of McHenry County, and it be placed in the County Court file number 4093 entitled In the Matter of the Estate of Dennis Volk.

"This stipulation to be transcribed and placed in the file at the request of attorney Clyde Duffy and attorney Joseph C. McIntee, and the respective respondents."

This answer prays for dismissal of the action as does a separate answer filed by the defendant Alvin A. Kramer.

A pretrial conference or hearing was held at which all of the parties to this action were represented by counsel. The attorney for the defendants Volk, Bischoff, and Lemer moved for a judgment on the pleadings for a dismissal of the action on the ground that the complaint did not set

forth facts sufficient to constitute a cause of action. This motion, with the assent of the parties, was heard forthwith. The memorandum of the trial court indicates that this hearing did not proceed in an orderly manner but that it was partly a hearing on the motion and partly a pretrial conference. No affidavits or depositions were submitted, and as far as the record now shows the only matters in writing before the court were the pleadings. No record was made of the proceedings except a short transcript showing the oral statement of the motion, that it was resisted, that a brief was handed to the court by the attorney for the movants, and that the attorney for the plaintiff and appellant asked for and was given until the end of the week to reply. About a week later the court granted the motion for dismissal of the action upon which the judgment appealed from was entered.

On the record here presented, we consider only the pleadings since they constitute the entire showing before the court. The only question to be determined is whether the complaint states a claim upon which relief can be granted. See Rule 12 (b, c), N.D.R.Civ.P.

The sufficiency of the complaint is challenged on two grounds. The first is an attack on the jurisdiction of the district court. It is urged that the stipulation was made in county court in a proceeding then being heard before that court and that the county court alone has the power to relieve the parties from their stipulation upon a sufficient showing of cause for relief. This stipulation is more than one for dismissal. It is a contract by which the parties bind themselves to certain acts and restraints with respect to property in which they have an interest and which was then involved in probate litigation. It was, as between the parties, an agreement of settlement and division of property among the heirs of Denis Volk. An action to set aside or rescind such an agreement involves equitable powers which our constitutional limitations

of the county court exclude from the powers vested in the county court. The parties cannot confer such jurisdiction on the county court by consent. Even though the agreement was entered into in county court, that court is powerless to decree a rescission. Such action must be taken in the district court, which has equitable powers. This is the effect of our holding in Muhlhauser v. Becker, 76 N.D. 402, 37 N.W.2d 352.

The second ground of attack on the complaint is that it fails to state a claim in that the allegations of the complaint are not sufficient to warrant equitable relief in the nature of cancellation or rescission of a contract.

The appellant argues that the complaint states grounds for relief under Section 14-01-02, NDCC, in paragraph IV, which is:

"That at the time that the plaintiff agreed to such a stipulation he was mentally unsound and disturbed and was not aware of what he was doing. That since the time of making such stipulation, the plaintiff has been a patient at St. Joseph's Hospital in Minot, North Dakota, for rest and treatment."

Section 14-01-02, upon which appellant relies, provides that:

"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been determined judicially upon application for the appointment of a guardian is subject to rescission as provided by the laws of this state."

This section makes the remedy of rescission available to persons therein described. We note that Section 9-09-02, NDCC, purports to set forth the only cases in which a party to a contract may rescind and states five grounds, which do not include unsound mind. It makes no reference to lack of capacity, either total or partial. Section

9–09–02, NDCC, states general grounds for rescission and the only grounds available generally to all persons. The right to rescind provided by Section 14–01–02, NDCC, is limited to the special class of persons described therein.

California and Oklahoma have statutes similar to our Section 14–01–02, NDCC. The courts of those states take the view that the statutes pertaining to the rescission of contracts of persons of unsound mind but not entirely without understanding, made before incapacity has been judicially determined, make the contract of such person voidable and subject to rescission. Weseman v. Latham, 153 Cal.App.2d 841, 315 P.2d 364. In Neale v. Sterling, 117 Cal.App. 507, 4 P.2d 250, the court said:

"That section confers upon an incompetent person the right to rescind a voidable contract made before a judicial determination of incompetency, but while such person was in fact incompetent. That right is entirely predicated upon the incompetency at the time the contract was made, and is not dependent upon knowledge of the incompetency or fraud on the part of the other party."

The Oklahoma cases are Monarch Loan Co. v. Shellenberger, 159 Okl. 247, 15 P.2d 53, and Oklahoma Natural Gas Corporation v. Lay, 175 Okl. 75, 51 P.2d 580.

■ An action to rescind is essentially equitable and is governed by equitable principles. Fedorenko v. Rudman, N.D., 71 N.W.2d 332. Weigel v. Bauer, N.D., 95 N.W.2d 29.

■ While Section 9–09–02, NDCC, is not applicable to the rescission sought in this case, the rules governing rescission prescribed by Section 9–09–04, NDCC, must be complied with if such compliance is necessary to do equity. This section requires that when the rescission is not effected by consent or pursuant to Sections 9–08–08

and 9–08–09, the party rescinding must use reasonable diligence to comply with these rules:

"1. He must rescind promptly upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind; and

"2. He must restore to the other party everything of value which he has received from him under the contract or must offer to restore the same upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

This court has held that compliance with the rules governing rescission is a condition precedent to the maintenance of an action to rescind. Donovan v. Dickson, 37 N.D. 404, 164 N.W. 27; Uhrig v. J. I. Case Threshing Machine Co., 64 N.D. 189, 250 N.W. 922. The California and Oklahoma cases cited above support the same principle. However, its application is subject to some qualification. Where, as in the case before us, the action was commenced promptly and the nature of the action is such that there is nothing to restore in event of cancellation, there is no condition precedent to be performed. The complaint now under attack shows that the contract sought to be rescinded is not one that requires restoration in order to do equity. Where the party seeking to rescind has received nothing of value there is nothing to restore and the rule does not apply. Larkin v. Mullen, 128 Cal. 449, 60 P. 1091; Norton v. Rosenkranz, 62 Cal.App. 226, 216 P. 380.

■■ Our conclusion is that the complaint states that the plaintiff was of unsound mind at the time he entered into the contract and stipulation which he now seeks to rescind. A similar complaint was sustained as against a demurrer in Oklahoma Natural Gas Corporation v. Lay, 175 Okl. 75, 51 P.2d 580. Under our rules of pro-

cedure the pleadings tender an issue of fact with respect to the mental capacity of the plaintiff at the time he agreed to and signed the stipulation. A motion for judgment on the pleadings should not be granted where an issue of fact is made by them. Hoppin v. Fortin, N.D., 111 N.W.2d 122. We reach the conclusion that the trial court erred in granting a summary judgment on the pleadings in favor of the defendant. The judgment appealed from is reversed.

MORRIS, C. J., and STRUTZ, TEIGEN and BURKE, JJ., concur.

ERICKSTAD, J., not having been a member of the Court when the case was submitted, did not participate.