ALTON'S, INC., Plaintiff, Appellee and Cross-Appellant,

v.

D.K. LONG, William R. Geyer, a/k/a Bill Geyer, and Harry Dix, Defendants, Appellants and Cross-Appellees.

Civ. No. 10550.

Supreme Court of North Dakota.

July 27, 1984.

Rolfstad, Winkjer, McKennett, Kaiser, Stenehjem & Walters, Williston, for plaintiff, appellee and cross-appellant; argued by Richard A. McKennett, Williston.

McIntee & Whisenand, Williston, for defendants, appellants and cross-appellees; argued by Fred E. Whisenand, Williston.

GIERKE, Justice.

D.K. Long, William R. Geyer, and Harry Dix ("the Sellers") appeal from a district court judgment declaring a contract for deed void as rescinded and awarding damages to Alton's, Inc., ("Alton's") in the amount of $81,714.79. We reverse and remand.

On December 1, 1981, Alton's purchased property in Williston known as the Northern Hotel from the Sellers on a contract for deed. The total purchase price was $300,000, with a $50,000 down payment and monthly payments at 14 percent interest. Alton's intended to renovate the property into a rooming house and then sell it at a profit.

Between December 1981, and May 1982, Alton's made numerous repairs to fix leaks in the roof of the building. On May 15, 1982, a heavy downpour occurred in Williston, causing the roof of the building to leak heavily. Because water was running through the walls and electrical fixtures, Alton's shut the power off as a safety precaution and shortly thereafter closed the building. Alton's made no further payments on the contract for deed, and it commenced this action against the Sellers seeking avoidance of the contract by rescission and damages for loss of improvements to the building, labor costs, and loss of anticipated profits. The Sellers counter-

claimed for cancellation of the contract for deed.

The court found that the Sellers had fraudulently misrepresented the condition of the building and held that Alton's was entitled to avoid the contract by its rescission. The trial court also found that Alton's had promptly rescinded the contract after learning of the defects and had made a sufficient offer to return the property to the Sellers. The court awarded Alton's damages of $81,714.79, including return of amounts paid on the contract, cost of repairs and improvements, and cost of labor for Alton's officers.

The Sellers have appealed, raising numerous issues. Alton's has filed a cross-appeal, raising additional issues. We deem the following issue to be dispositive of the appeal, making it unnecessary to discuss the other issues raised by the parties:

> Did Alton's comply with the statutory requirements for rescission under Section 9–09–04, N.D.C.C.?

The Sellers contend that Alton's, in violation of Section 9–09–04, N.D.C.C., failed to tender everything of value which it had received under the contract to the Sellers before initiating suit. We agree.

■ Section 9–09–04 sets forth the statutory rules governing rescission:

> "*9–09–04. Rules governing rescission.*—Rescission, when not effected by consent or pursuant to sections 9–08–08 and 9–08–09, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:
>
> "1. He must rescind promptly upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind; and
>
> "2. He must restore to the other party everything of value which he has received from him under the contract or must offer to restore the same upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

Compliance with these rules is a condition precedent to the maintenance of an action to rescind. *Robertson Companies, Inc. v. Kenner*, 311 N.W.2d 194, 197–198 (N.D. 1981); *Gerhardt v. Fleck*, 256 N.W.2d 547, 553 (N.D.1977); *Volk v. Volk*, 121 N.W.2d 701, 706 (N.D.1963).

In *Schaff v. Kennelly*, 61 N.W.2d 538 (N.D.1953), this Court considered the effect of failure to comply fully with the requirements of Section 9–09–04. In that case, the plaintiff had purchased a house on a contract for deed. After problems developed with the property, he sent a written notice of rescission offering to return the property to the seller if the seller would return the amount already paid on the contract. We held that the notice failed to satisfy the requirements of Section 9–09–04, N.D.C.C.:

> "The notice of rescission which the plaintiff mailed to the defendants on or about February 14, 1952, was defective in several particulars. Although it otherwise described the contract between the plaintiff and the defendants, it omitted one of the lots described in and covered by the contract. The notice of rescission did not offer to restore possession to the defendants, account for the rents collected by the plaintiff and his wife, or pay to the defendants the reasonable value of the use and occupation of the premises. The contract included personal property of considerable value that was specifically set out in the contract but is not mentioned in the notice." *Schaff, supra*, 61 N.W.2d at 547.

Similarly, in *Mader v. Hintz*, 186 N.W.2d 897, 901 (N.D.1971), we discussed this requirement of Section 9–09–04:

> "A purchaser rescinding a contract for deed must offer to account for the rents collected or to pay the reasonable value of the use and occupation of the premises. This the purchasers have not offered to do, although they have been in uninterrupted possession of the trailer court for more than eight years and collected

rents from scores of tenants during that period of time."

During the six-week period between May 15, 1982, and commencement of this action, Alton's did not notify the Sellers of their intent to rescind or offer to return the property to them. The only contact between Alton's and the Sellers during that time was a telephone call from Alton's attorney to one of the Sellers informing the Sellers that Alton's was going to commence a lawsuit on the contract. There was no offer made to return the property to the Sellers.

▪▪▪ In its complaint, Alton's offered to return "the premises" if the Sellers would pay all of Alton's damages. Without deciding whether an offer to restore contained in a complaint is timely under Section 9–09–04, N.D.C.C., we conclude that Alton's offer to restore contained in the complaint was defective and did not satisfy the statutory requirements. Alton's offered to restore only "the premises," and this offer was conditional upon the Sellers' payment of all damages. To be effective, Alton's offer to restore should have included an offer to restore rents collected or the reasonable value of the use of the premises for the period Alton's occupied the building. Also, an effective offer could not be conditioned upon the Sellers' payment of Alton's damages. Under Section 9–09–04, N.D.C.C., it is contemplated that the parties will be placed in their original position. In order to effect a rescission, each party is to return to the other all items of value received under the contract. Consequently, Alton's could not demand that the Sellers pay damages, including loss of anticipated profits, as a prerequisite to return of the premises.

Alton's three stockholders testified at trial that they were willing to return the premises to the Sellers if their damages were paid. On cross-examination, however, they admitted that they had made no previous offer to return the property to the Sellers.

Having reviewed the record, we conclude that the trial court's finding that Alton's offered to return everything of value which it had received under the contract in compliance with Section 9–09–04, N.D.C.C., is clearly erroneous. Rule 52(a), N.D.R. Civ.P. Having failed to comply with the statutory requirements for rescission, Alton's is not entitled to rescind the contract.

We note that Alton's pleaded an alternative theory in the event that the court found that it was not entitled to rescind the contract. Under this theory, Alton's sought damages for breach of warranty. By way of counterclaim, the sellers sought cancellation of the contract for deed. Because it held that Alton's was entitled to rescind, the trial court did not reach these issues in its decision. Having reversed the trial court's determination on the rescission issue, we remand for determination of the remaining issues. The judgment of the district court is reversed and we remand for further proceedings.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.