Alpha BLAIR, Plaintiff and Appellant,

v.

Larry BOULGER, Defendant
and Appellee.

Civ. No. 10709.

Supreme Court of North Dakota.

Nov. 28, 1984.

Alan J. Sheppard, Fargo, for plaintiff and appellant.

John V. Boulger, of Solberg, Stewart, Boulger & Miller, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

Alpha Blair appealed from a summary judgment ordered by the district court of Cass County in favor of Larry Boulger. The trial court held that Alpha Blair's action for rescission of a contract for deed was barred by the rule of res judicata and that Alpha Blair had failed to properly rescind under Section 9-09-04, N.D.C.C. We affirm.

Alpha Blair and Larry Boulger have been involved in litigation concerning certain rental property since shortly after Alpha Blair sold that property to Larry Boulger in 1974. Under the contract for deed, Larry Boulger paid $7,000 to Alpha Blair as a down-payment on the property. The contract further provided that the unpaid principal of $7,000 would be paid to Alpha Blair in the form of rent credit at the rate of $100 per month set off against the unpaid principal. Under the contract Larry Boulger was to pay interest on the unpaid principal of $7,000, provide property insurance, heat and water, and furnish all reasonable repairs, paint, and maintenance needed for the property. In Alpha Blair's first action, *Blair v. Boulger*, 336 N.W.2d 337 (N.D. 1983), Alpha sought to have the contract for deed canceled on the basis of fraud and fraudulent representations by Boulger. Boulger counterclaimed, alleging that Richard Blair, Alpha Blair's son, had interfered with the contractual rights of Boulger and

Alpha Blair. Boulger further alleged that Alpha Blair had breached the contract for deed.

Prior to trial Alpha Blair moved to dismiss her complaint with prejudice. The motion was granted as to the issues set forth in her complaint. The trial court proceeded on Boulger's counterclaim. The court found that Richard Blair had intentionally and maliciously interfered with the contractual relations of Alpha Blair and Boulger and that Alpha Blair had breached the contract with Boulger.

Richard Blair appealed from the judgment awarding Boulger compensatory and exemplary damages for Richard's intentional interference with contractual relations between Boulger and Alpha Blair. After reviewing the record we determined there was adequate evidence to support the trial court's finding. See *Blair v. Boulger, supra.*

The case now before us commenced in April of 1980 when Alpha Blair brought suit to rescind the 1974 contract for deed, alleging incapacity to contract. At the second trial Alpha argued that when she dismissed her complaint in the first action she specifically reserved her right to bring another action based upon incapacity to contract. The trial court granted summary judgment to Boulger. The court held that Alpha Blair's cause of action for rescission based upon incapacity to contract was barred under the rule of res judicata by a prior decision of the court finding that a contract for deed existed between Alpha Blair and Boulger and that Richard Blair had wrongfully interfered with the contractual relations of the parties. The court further based its summary judgment upon Alpha Blair's failure to comply with Section 9-09-04, N.D.C.C., as required for an action to rescind a contract. The court determined that Alpha Blair neither restored nor offered to restore to Boulger everything of value which she had received from Boulger.

We need not decide the issue of res judicata because this case can be disposed of on the issue of rescission. We will assume for purposes of this opinion that the first action by Alpha Blair was not res judicata of the second action for rescission; but Alpha Blair may not rescind the contract for deed because she failed to comply with the statutory requirements for rescission.

In this case Alpha Blair sent a notice of rescission and offer of restoration to Boulger in February of 1980. Alpha offered to restore only the real estate taxes paid by Boulger, the $7,000 down-payment, and the interest payments made by Boulger on the unpaid balance of the purchase price. In her complaint Alpha offered to restore the $7,000 down-payment. Alpha did not restore or offer to restore insurance premiums and expenses paid by Boulger on the property. Furthermore, Alpha did not restore or offer to restore the additional $7,000 paid to her in the form of rent credit at $100 per month set off against the unpaid principal.

The right to rescind a contract is governed by our statutes. See Sections 9-09-01 to 9-09-04, N.D.C.C. Under Section 9-09-04, a contracting party may rescind only if he uses reasonable diligence to rescind promptly and to restore to the other party everything of value which was received under the contract. See *Alton's, Inc. v. Long*, 352 N.W.2d 198 (N.D.1984); *Donovan v. Dickson*, 37 N.D. 404, 164 N.W. 27 (1917); *Anderson v. First Nat. Bank of Grand Forks*, 4 N.D. 182, 59 N.W. 1029 (1894). Restoration of the status quo as a requirement for rescission of a contract is based upon the principle that he who seeks equity must do equity. *Khabbaz v. Swartz*, 319 N.W.2d 279 (Iowa 1982). A party seeking rescission is not allowed to place conditions on his restoration or offer to make restoration of everything of value received under the contract except as permitted by Section 9-09-04, N.D.C.C. *Alton's, Inc. v. Long, supra.*

We have held that compliance with these rules is a condition precedent to the maintenance of an action to rescind. *Alton's, Inc. v. Long, supra; Robertson Companies, Inc. v. Kenner,* 311 N.W.2d 194 (N.D.1981); *Gerhardt v. Fleck,* 256 N.W.2d 547 (N.D. 1977); *Volk v. Volk,* 121 N.W.2d 701 (N.D. 1963).

In *Alton's, Inc. v. Long, supra,* this court was faced with the question of whether or not the plaintiff complied with the statutory requirements for rescission. In that case, the plaintiff had purchased a hotel on a contract for deed. Over a period of five months the plaintiff had to make numerous repairs to fix leaks in the hotel's roof. Subsequently, during a heavy rain, the roof of the building leaked considerably, damaging the interior of the hotel. The plaintiff brought an action for rescission and in its complaint offered to return the premises if the sellers would pay all of plaintiff's damage.

We concluded in *Alton's, Inc., supra,* 352 N.W.2d at 200, that

"... Alton's offer to restore contained in the complaint was defective and did not satisfy the statutory requirements. Alton's offered to restore only 'the premises,' and this offer was conditional upon the Sellers' payment of all damages. To be effective, Alton's offer to restore should have included an offer to restore rents collected or the reasonable value of the use of the premises for the period Alton's occupied the building. Also, an effective offer could not be conditioned upon the Sellers' payment of Alton's damages. Under Section 9–09–04, N.D. C.C., it is contemplated that the parties will be placed in their original position. In order to effect a rescission, each party is to return to the other all items of value received under the contract. Consequently, Alton's could not demand that the Sellers pay damages, including loss of anticipated profits, as a prerequisite to return of the premises."

See also *Schaff v. Kennelly,* 61 N.W.2d 538 (N.D.1953).

▮ Because Alpha Blair failed to comply with the statutory requirements for rescission found in Section 9–09–04, she is not entitled to rescind the contract for deed.

The summary judgment is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.