**ALTON'S, INC., Plaintiff and Appellant,**

v.

**D.K. LONG, William R. Geyer, a/k/a Bill Geyer, and Harry Dix, Defendants and Appellees.**

Civ. No. 11077.

Supreme Court of North Dakota.

June 6, 1986.

Rolfstad, Winkjer, McKennett & Stenehjem, Williston, for plaintiff and appellant; argued by Richard A. McKennett.

McIntee & Whisenand, Williston, for defendants and appellees; argued by Fred E. Whisenand.

MESCHKE, Justice.

Alton's Inc. (Alton's), appeals from a district court judgment entered after trial on remand [*Alton's, Inc. v. Long*, 352 N.W.2d 198 (N.D.1984)] in an action arising out of Alton's purchase of a hotel from D.K. Long, William R. Geyer, and Harry Dix (Sellers). We affirm.

On December 1, 1981, Alton's purchased from the Sellers an old hotel which Alton's intended to renovate and sell at a profit. The contract for deed drafted by Alton's provided that the Sellers "covenant and warrant that they have no knowledge of any structural defects."

A heavy rain on May 15, 1982, caused the roof, which has a slope of approximately two feet, to leak severely. Thereafter, Alton's made no further payments and sued for rescission or breach of warranty. The Sellers answered and counterclaimed for cancellation of the contract for deed. The trial court found that the Sellers had fraudulently misrepresented the condition of the building and held that Alton's was entitled to rescind the contract for deed. In *Alton's, Inc. v. Long, supra,* we reversed because Alton's had failed to comply with the statutory requirements for rescission. We remanded for determination of Alton's claim for breach of warranty and the Sellers' counterclaim for cancellation.

Trial before a different judge resulted in a judgment for the Sellers. The issue on appeal is whether or not the trial court's findings of fact after remand are clearly erroneous.

In a detailed analysis of the evidence, the trial court found: (1) convincing the testimony of an architect that the building's roof system was structurally sound and

that the prudent time to patch is when a leak first develops;[1] (2) that the Sellers believed the roof was structurally sound; (3) that Torgerson Construction was repairing the roof in November 1981; (4) that Alton's inspected the premises four or more times in November 1981; (5) that in November 1981, "Alton's knew that the roof had leaking problems in the past and also knew (or should have been aware) that Torgerson had then been working on the roof;" (6) that Alton's failed to exercise ordinary care and diligence in their November 1981 inspections; (7) that various weather and temperature conditions cause the roofing material to crack; (8) that a building as old as this one requires "patching and resealing from time to time to prevent leaking;" (9) that, starting in February 1982, Alton's noticed "water drips from time to time which they contained in coffee cans" but "elected to forego immediate roofing repair;" and (10) found in paragraph 27 that:

"—Altons had experience in purchase and repair of old buildings.

—Altons were informed of leaking in past and of recent repair. Defts confirmed those facts to Altons.

—Prior leakage was obvious and apparent from casual view.

—Cost of roofing maintenance in relation to other costs of operation were minimal.

—Altons assumed any risk associated with condition of roofing and its patching and maintenance.

—Defts did not commit any fraud, actual or constructive.

—Persuasive evidence constrains a conclusion there was no conduct by sellers

in the negotiations with intent to deceive or misrepresent."

Our review of factual issues tried to the court was summarized in *Byron v. Gerring Industries, Inc.*, 328 N.W.2d 819, 821 (N.D. 1982):

"A finding is clearly erroneous only when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. That we may have viewed the facts differently if we had been the initial trier of the case does not entitle us to reverse the lower court. Our function is not to decide factual issues de novo." (Citations omitted.)

No productive purpose would be served by detailing the evidence. While we might have viewed the facts differently if we had been the trier of the case, we conclude from our review of the record that there is substantial evidence to support the trial court's findings in this case. We have not been left with a definite and firm conviction that a mistake has been made. The trial court's findings are, therefore, not clearly erroneous.

Judgment affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

**1.** The architect also testified: that if a leak starts through a small crack, it will continue to grow if not corrected; that patching roofs of the kind involved is a maintenance matter; and that in his industry the roofing "membrane is not a part of the structure."